**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7944**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

THOMAS J. BARKER,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Danville.   Jackson L. Kiser, Senior
District Judge.  (CR-04-31)

_____

Submitted:  June 9, 2006              Decided:  July 7, 2006

_____

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

_____

Affirmed in part; modified in part by unpublished per curiam
opinion.

_____

Thomas J. Barker, Appellant Pro Se.  Edward Albert Lustig, OFFICE
OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas J. Barker pled guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2000), and distribution of more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1)(2000). The district court sentenced Barker to 175 months' imprisonment on each count, to run concurrently. The district court also announced an alternate sentence of 120 months' imprisonment (60 months on each count, to run consecutively). Barker filed a "Motion for Reconsideration of Final Judgment Order," citing Fed. R. Civ. P. 60(a), arguing that there are clerical errors in the final judgment as to his alternate sentence and the description of the statutes under which he was convicted. The district court denied the motion, finding that the Federal Rules of Civil Procedure are inapplicable to Barker's criminal case.

While we agree with the district court that the relief sought was unavailable through Fed. R. Civ. P. 60(a), Barker's claims of clerical error could be corrected under authority of Fed. R. Crim. P. 36. We find, however, that the alternate sentence contained in the final judgment comports with the alternate sentence announced by the court at the sentencing hearing. Hence, to the extent the district court declined to amend Barker's alternate sentence, we affirm.

However, we find there is a clerical error in Barker's criminal judgment as to the description of the statutes under which he was convicted. The first page of the Judgment accurately reflects that Barker was convicted for violations of 21 U.S.C. §§ 841(a)(1), 846 (2000). However, on page two of the Judgment, under the Imprisonment section, it inaccurately lists the statutory violation as "Title 18 U.S.C." rather than "Title 21 U.S.C." We modify the district court's order only to direct that the clerk of the district court correct this typographical error. See Fed. R. Crim. P. 36. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>MODIFIED IN PART